GROVER L. COVINGTON, Chief Judge.
The plaintiff, Brown and Root, Inc. (Brown), appeals a judgment requiring it to reimburse the defendant, Southeast Equipment Company, Inc. (Southeast), the purchase price paid for a stolen Caterpillar wheeled loader, under LSA-C.C. art. 524, before recovering possession of it.
The facts surrounding this matter are undisputed. Brown is the owner of a wheeled loader, and it was stolen in Houston in April, 1982. Southeast purchased the loader from a Houston equipment dealer in May of 1982 for $23,000.00 and had it delivered to Louisiana. As the result of a police investigation of the equipment dealer by the Houston police department, the Louisiana State Police tracked the loader to a construction site in Convent, Louisiana, obtained a search warrant and seized the machine. Suit was brought by Brown seeking recognition of its ownership and seeking possession of the loader without being required to pay the defendant, Southeast, its purchase price. After a hearing on a rule filed by plaintiff, a stipulated partial judgment was signed recognizing Brown as owner and allowing it to obtain possession of the loader by posting a $23,-000.00 bond.
The evidence left no doubt that the loader was stolen and that Southeast’s vendor was a seller customarily engaged in the used equipment business. Accordingly, the only issue to be decided is whether Southeast is entitled to the proceeds of the bond as reimbursement of the purchase price as a good faith purchaser.
Articles 523 and 524 of the Civil Code are dispositive of cases involving the recovery of stolen movable property.
Art. 523:
An acquirer of a corporeal movable is in good faith for purposes of this Chapter unless he knows, or should have known, that the transferor was not the owner.
Art. 524:
The owner of a lost or stolen movable may recover it from a possessor who bought it in good faith at a public auction or from a merchant customarily selling similar things on reimbursing the purchase price.
The former owner of a lost, stolen, or abandoned movable that has been sold by authority of law may not recover it from the purchaser.
These articles reflect a change in public policy, as enunciated by the legislature, to the effect that the good faith purchaser of a stolen movable is to be protected at the expense of the true owner. Southeast Equipment Co., Inc. v. Office of State Police, 437 So.2d 1184 (La.App. 4th Cir.1983).[1]
*518 In this case the only question is the good faith of Southeast. LSA-C.C. art. 523 defines good faith in terms of the knowledge of the purchaser. If the purchaser knows that the object is stolen prior to purchasing it, there is no good faith and these articles do not apply. But, where actual knowledge is absent, the article imputes knowledge if the purchaser has access to facts which would lead a prudent man to question the ownership of his vendor.
 Since good faith is presumed, the true owner must establish sufficient facts to show the purchaser was put on notice his seller’s ownership was questionable. In this ease Brown attempted to show that Southeast had access to sufficient facts prior to purchasing the loader to indicate the movable might be stolen. The serial number plate on the front of the vehicle was glued on and the manufacturer’s secret serial number under the identification number plate had been gouged out of the metal frame. Plaintiff also tried to show that the price Southeast paid was so low as to have put it on notice of the questionable ownership of the transferor. However, other testimony showed that Brown was selling similar loaders from its stock at prices even lower than what defendant paid for the loader in question. After a thorough review of the evidence in this case, we cannot say that the trial court erred in its decision that the plaintiff failed to carry its burden of proof that Southeast was in bad faith when it purchased the loader from the dealer. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.

. The prior jurisprudence, Security Sales Com-party v. Blackwell, 167 La. 667, 120 So. 45 *518 (1928), recognized the true owner's superior right to the movable.