STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0667

CALVIN J. HILL, INDIVIDUALLY AND AS THE EXECUTOR OF THE
SUCCESSION OF ELNORA JOHNSON HILL

VERSUS

TMR EXPLORATION, INC., PARK EXPLORATION, INC.,
AND VITOL RESOURCES, INC.

*Judgment Rendered:*   ⌐JAN 2 7 2021

\*\*\*\*\*\*\*\*

Appealed from the 18th Judicial District Court
In and for the Parish of West Baton Rouge
State of Louisiana
Suit No. 41,245

The Honorable Tonya S. Lurry, Judge Presiding

\*\*\*\*\*\*\*\*

Brent K. DeLee
Kirby J. Guidry
Baton Rouge, Louisiana

Counsel for Plaintiffs/Appellants
Calvin J. Hill, et al.

Chad A. Aguillard
New Roads, Louisiana
and
Thomas A. Nelson
New Roads, Louisiana

Counsel for Plaintffs/Intervenors/
Appellants
Roosevelt Hill, et al.

Monique M. Edwards
Baton Rouge, Louisiana
and
Isaac Jackson, Jr.
Plaquemine, Louisiana

Counsel for Plaintiff/Intervenor/
Appellant
Felix F. Hill

Nicole M. Duarte
Krystal P. Scott
Houston, Texas
and
James C. Percy
Thomas McCall
Tiffany Dupree
Baton Rouge, Louisiana

Counsel for Defendants/Appellees
Sunoco Partners Marketing &
Terminals, L.P., Sunoco, Inc.
R & M, and Sunoco Logistics
Partners Operations G.P. L.L.C.

\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

2

**LANIER, J.**

In this dispute involving a claim for damages for a subsurface trespass, plaintiffs-appellants, Calvin J. Hill, et al., and intervenors, Roosevelt Hill, et al. and Felix F. Hill (sometimes collectively referred to as "the Hills"), challenge the district court's judgment granting a motion for summary judgment in favor of defendants, Sunoco Partners Marketing & Terminals, L.P. ("Sunoco Partners"), Sunoco Logistics Partners Operations G.P., L.L.C. ("Sunoco Logistics"), and Sunoco, Inc. R & M ("Sunoco, Inc."). For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The history of this case is familiar as it dates back to 2014 and has previously been before this court on numerous occasions. Plaintiffs are the owners of various undivided interests in a 22.768-acre tract of immovable property, more particularly described as being located in the North 1/3 of Lot 5, Section 93, Township 7 South, Range 10 East, Parish of West Baton Rouge ("Hills' property"). Plaintiffs all trace their ownership interests to the Successions of Peter Hill and Elnora Johnson Hill.

In May 2007, the Louisiana Commissioner of Conservation ("Commissioner") granted TMR, a Texas corporation, a permit to drill for the minerals on property identified as solely owned by "A. Wilbert's Sons, LLC." On May 18, 2007, a permit to drill the well designated as "A. Wilbert's Sons, LLC, 93 No. 1" ("the well") was issued, and the well began production in January 2008. According to plaintiffs, TMR intended to drill directionally to the proposed coordinates; however, ultimately the bottom of the hole of the well was completed at a location underneath the Hills' property, without their knowledge or permission.

TMR operated the well until July 1, 2010. Subsequently, the Commissioner issued an amended permit to drill that designated Park Exploration, Inc. ("Park") was designated as the second operator of the well. Park, in turn, operated the well

3

until the Commissioner issued an amended permit, effective December 1, 2012, designating Vitol Resources, Inc. ("Vitol") as the third operator of the well.

In their original petition, plaintiffs named only TMR, Park, and Vitol as defendants. Plaintiffs claimed that TMR and the two successor operators produced and sold the minerals drained from the well underneath the Hills' property without plaintiffs' knowledge or permission. Plaintiffs alleged that TMR had "unlawfully damaged [the Hills'] property by performing the subsurface trespass and removing minerals from beneath [the Hills'] property, and by converting said minerals to its use and benefit to the detriment of [plaintiffs]." The same claims were alleged against Park and Vitol as successor operators. Plaintiffs sought damages, including the value of all minerals produced by TMR, Park, and Vitol.[1]

Plaintiffs subsequently filed several supplemental and amending petitions, adding more parties, as well as modifying and amending their claims. There were also two interventions in the instant action, one filed by Felix F. Hill, and another filed by a group collectively referred to as "Roosevelt Hill, et al." Similar to plaintiffs, these parties claimed to be owners of various undivided interests in the Hills' property, and also claimed that their interests in the property at issue devolved from the Successions of Peter Hill and Elnora Hill Johnson. Pertinent to this appeal are Felix Hill's first supplemental and amending petition of intervention, the fourth supplemental and amending petition filed by Roosevelt Hill, et al., and plaintiffs' fifth supplemental and amending petition, which added claims against Sunoco Partners, Sunoco Logistics, and Sunoco, Inc. (collectively "Sunoco"), as a purchaser of oil from the allegedly trespassing operators, Park and Vitol.

---

[1] In a judgment signed on April 10, 2019, the district court granted the Hills' motions for partial summary judgment against TMR, Park, and Vitol, finding that TMR, Park, and Vitol violated the provisions of La. Civ. Code art. 667 by producing oil from the well, thereby making them liable to the Hills for damages pursuant to Article 667.

4

In response to the Hills' claims, Sunoco filed a motion for summary judgment, asserting that there was no genuine issue as to any material fact in dispute with respect to Sunoco and that summary judgment was warranted. Sunoco argued that its only relationship to the suit was as a third-party buyer of oil and that it had no obligation under law or contract to pay the Hills any royalty payments.

The Hills filed an opposition to the motion for summary judgment, arguing that there were genuine issues of material fact remaining that precluded summary judgment in this case. The Hills argued that because the operators of the well did not have the right to obtain, capture, or possess the Hills' oil, they did not have the authority to sell the oil to Sunoco. Thus, the Hills maintained, they could recover from Sunoco unless Sunoco was entitled to the protection provided for in La. R.S. 31:210. Sunoco and the Hills filed documentary evidence supporting and opposing the motion for summary judgment.

Following a hearing on the motion for summary judgment, the district court signed a judgment on July 22, 2019, granting same and dismissing, with prejudice, all claims filed by the Hills against Sunoco. The Hills filed a timely motion for new trial and/or reconsideration of ruling, which was denied by the district court.

This appeal by the Hills followed. The sole issue for our review is whether the district court legally erred in applying the good faith purchaser defense provision set forth in La. Civ. Code arts. 521-524, rather than applying the provisions of the Mineral Code, specifically, La. R.S. 31:210, and the registry mandate contained therein.

## SUMMARY JUDGMENT

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge, 2017-1553 (La. App. 1**

5

Cir. 7/18/18), 255 So.3d 16, 21, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts, Inc.**, 2016-0770 (La. App. 1 Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So.3d 288.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. **Jackson v. Wise**, 2017-1062 (La. App. 1 Cir. 4/13/18), 249 So.3d 845, 850, writ denied, 2018-0785 (La. 9/21/18), 252 So.3d 914. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. **Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C.**, 2017-

6

1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, 445, writ denied, 2018-0583 (La. 6/1/18), 243 So.3d 1062.

## DISCUSSION

In the instant case, the Hills' claims against Sunoco are based on Sunoco's purchase of oil from Park and Vitol. According to pleadings, Sunoco allegedly "purchased illegal oil without valid title, division orders and without protection under La. R.S. 31:210 due to said Defendants' failure to file notice in the registry of West Baton Rouge Parish that the minerals were being purchased by them." It is further alleged that Sunoco is solidarily liable with other defendants named in this matter for its "failure to investigate, check title, and perform due diligence or determine the actual ownership of the oil produced from the trespassing well prior to the transfer or sale of [the Hills'] oil to others."

In granting Sunoco's motion for summary judgment, the district court found that Sunoco was a good faith purchaser of oil, noting that there was no "actual knowledge or any imputed knowledge that Sunoco had reason to believe that the seller of the oil wasn't the actual owners of the oil," preventing liability on the part of Sunoco. In denying the Hills' motion for new trial and/or reconsideration, the district court held that La. R.S. 31:210 did not apply to Sunoco.

On appeal, the Hills argue that the district court "applied the 'good faith doctrine' found in [La. Civ.] Code art. 524, and erroneously gave precedence to the Civil Code over the Mineral Code." The Hills maintain that in this case, the Louisiana Civil Code is preempted by the Mineral Code and that the district court failed to correctly apply the law clearly defined in La. R.S. 31:210. They further argue that because Sunoco failed to file notice of its contracts to purchase oil from both Park and Vitol pursuant to La. R.S. 31:210, Sunoco is not entitled to the protection provided therein.

7

Sunoco counters that the Louisiana Civil Code provides "for the 'good faith purchaser' defense as a general matter in all sales transactions involving movables not required by law to be registered and, importantly, contain[s] no exclusion for transactions involving oil sales." Sunoco further argues that based on the history of La. R.S. 31:210, the "last record owner" protection of La. R.S. 31:210 has only been applied to the specific situation involving a third-party purchaser buying oil or gas from the lessee of the "last record owner" of the property from which production was obtained where the purchaser has not been made aware that there was a title dispute concerning the actual title of the "last record owner." Thus, Sunoco maintains, there is no conflict between the Mineral Code and Louisiana Civil Code articles in this instance, and the district court correctly applied La. Civ. Code arts. 522-524 in holding that Sunoco was protected from the Hills' claims as a good faith purchaser. We agree.

The good faith purchaser doctrine as it relates to movables is codified in La. Civ. Code arts. 518 and 521-525. "These articles were meant to carve out an exception to the foundational rule protecting owners established in [Louisiana Civ. Code art.] 2452, which provides, 'The sale of a thing belonging to another does not convey ownership.'" Sinclair, The Louisiana Good Faith Purchaser Doctrine: Codified Confusion, 89 Tul. L. Rev. 517, 522 (2014). Louisiana Civil Code article 521 provides, in pertinent part, "One who has possession of a lost or stolen thing may not transfer its ownership to another. For purposes of this Chapter, a thing is stolen when one has taken possession of it without the consent of its owner."

Pursuant to Article 522, a good faith purchaser acquires ownership of a movable even if the title of the transferor is annulled on account of a vice of consent. La. Civ. Code art. 522. For the purposes of the good faith purchaser doctrine, a person is in good faith "unless he knows, or should have known, that

the transferor was not the owner." La. Civ. Code art. 523. Comment (b) of Article 523 is instructive, stating:

> A transferee is in good faith when he ignores, without fault on his part, that the transferor is not the owner of the movable. If the acquirer has notice of facts that would put a reasonably prudent man on inquiry, he is under duty to investigate with the view to ascertaining the true situation. If he does not do so, he cannot claim that he is a purchaser in good faith. [Citation omitted.]

Article 524 provides that if a good faith purchaser buys a lost or stolen movable at a public auction or from a merchant who customarily sells similar things, the owner must reimburse the purchaser for the purchase price in order to recover the thing. La. Civ. Code art. 524. "These articles reflect a change in public policy, as enunciated by the legislature, to the effect that the good faith purchaser of a stolen movable is to be protected at the expense of the true owner." **Brown & Root, Inc. v. Southeast Equipment Co., Inc.**, 470 So.2d 516, 517 (La. App. 1 Cir. 1985) (citing **Southeast Equipment Co., Inc. v. Office of State Police**, 437 So.2d 1184 (La. App. 4 Cir. 1983). Because good faith is presumed, the true owner must establish sufficient facts to show the purchaser was put on notice his seller's ownership was questionable. **Brown & Root, Inc.**, 470 So.2d at 518.

With regard to the relationship between the Mineral Code and the Louisiana Civil Code, La. R.S. 31:2 provides as follows:

> The provisions of this Code are supplementary to those of the Louisiana Civil Code and are applicable specifically to the subject matter of mineral law. In the event of conflict between the provisions of this Code and those of the Civil Code or other laws the provisions of this Code shall prevail. If this Code does not expressly or impliedly provide for a particular situation, the Civil Code or other laws are applicable.

Moreover, La. R.S. 31:210 provides for a process whereby a purchaser is protected in making payment to any party in interest under a mineral lease. The statute provides as follows:

9

A purchaser of minerals produced from a recorded lease granted by the last record owner holding under an instrument translative of title to the land or mineral rights leased is fully protected in making payment to any party in interest under the lease unless and until a suit is filed testing title to the land or mineral rights embraced in the lease and the purchaser receives notification of it by registered mail. The purchaser is not entitled to this protection unless he has filed for registry in the conveyance records of the parish in which the land subject to the lease is located notice that the minerals produced have been and will be purchased by him.

In its motion for summary judgment, Sunoco argued that it was not an operator or a mineral lessee, but rather it was a third-party purchaser of oil. Furthermore, Sunoco averred that each of the operators from whom Sunoco purchased oil guaranteed and warranted that it had title to the oil Sunoco purchased. Sunoco asserted that the Hills' negligence claim against it fails because Sunoco owed no duty to the Hills and the Hills had no independent damages against Sunoco.[2] Sunoco supported the motion with several exhibits, including two affidavits, the Hills' responses to discovery propounded by Sunoco, and a copy of plaintiffs' fifth supplemental and amending petition.

In his affidavit, Eric G. Koelling, the Senior Manager for Sunoco Partners, attested that Sunoco never drilled, operated, or produced any oil from the well or had any control over such activities. Moreover, Mr. Koelling indicated that Sunoco never entered into any mineral lease covering any portion of the Hills' property, nor did it ever enter into any contract with the Hills. Rather, according to Mr. Koelling and the exhibits attached to his affidavit, Sunoco purchased oil from the well pursuant to purchase agreements it had with Park and Vitol, both of which provided a warranty of title to Sunoco.

In opposition to the motion for summary judgment, the Hills state that their claims against Sunoco arise not under a duty/risk analysis or a contract between the

---

[2] Sunoco noted that there were other elements of the duty-risk analysis that the Hills could not satisfy. However, for simplicity, Sunoco focused on the "duty" and "damages" elements, acknowledging that a negative answer to any single element would result in no liability.

Hills and Sunoco, but rather under the obligations found in La. Civ. Code arts. 2438, *et seq.* Citing Article 2452, the Hills argued that Park and Vitol had neither title nor the right to extract and possess the oil from the well. Thus, the Hills alleged Park and Vitol had no authority to sell the oil to Sunoco, entitling the Hills to recovery from Sunoco unless Sunoco is entitled to the protection afforded under La. R.S. 31:210. The Hills further contended that La. R.S. 31:18 supported their position in that it mandates "[a]ll sales, contracts, and judgments affecting mineral rights are subject to the laws of registry." La. R.S. 31:18. The Hills noted that Sunoco chose not to record notice that it was purchasing oil from the well and, thus, is not entitled to the statutory protection of La. R.S. 31:210. In support of their argument, the Hills adopted five pages from one of the exhibits introduced by Sunoco. In addition, they introduced an affidavit and Sunoco's responses to interrogatories, request for production of documents, and request for admissions propounded by the Hills.

From our *de novo* review of the evidence submitted for purposes of the motion for summary judgment, we find that Sunoco met its burden of pointing out the absence of factual support for one or more elements essential to the Hills' negligence claim. The Hills have failed to come forward with sufficient evidence precluding summary judgment. Relying on the undisputed facts, the district court found that pursuant to the Louisiana Civil Code, Sunoco was a good faith purchaser of the oil and that La. R.S. 31:210 did not apply to Sunoco. We find no error of law by the district court in its findings. The Hills did not produce any evidence to dispute Sunoco's good faith purchaser status.

Moreover, based on the facts and circumstances of this case, the Hills' argument that the registry mandate of La. R.S. 31:210 preempts the provisions of the Louisiana Civil Code has no merit. The Hills point to the title of Chapter 13, Part 2 of the Mineral Code, "Protection of Purchasers of Production," as support

11

for their position that La. R.S. 31:210 specifically applies to this case and that it provides certain protection to purchasers of oil, but only if the registry mandate is satisfied. Thus, the Hills aver, pursuant to La. R.S. 31:2, the Mineral Code must prevail.

We find, however, that La. R.S. 31:210 does not apply to the instant case. All claims made by the Hills are derived from the alleged subsurface trespass, which are separate and distinct from the "recorded lease" over the lands of "A. Wilbert's Sons, LLC." The purpose and intent of La. R.S. 31:210 is to address rental and royalty payments due to parties holding an interest in the "leased property" when a dispute or defect in the title exists.

Pursuant to La. R.S. 31:12, the Mineral Code provides that a landowner "may protect his rights in minerals against trespass, damage, and other wrongful acts of interference by all means available for the protection of ownership." Furthermore, we have been unable to find any provision in the Mineral Code that "expressly or impliedly" applies to the purchase of oil produced from the property of an unleased mineral owner, nor have the parties directed us to any such provision. Thus, the district court correctly applied the Louisiana Civil Code good faith purchaser doctrine to Sunoco in granting summary judgment in favor of Sunoco and dismissing the Hills' claims. See La. R.S. 31:2. It is clear from the record facts that Sunoco is a good faith third-party purchaser.

Furthermore, with regard to the Hills' argument concerning the applicability of Article 2452 to their claims against Sunoco, Louisiana law is well settled that oil and gas in place are fugitive minerals not subject to ownership by the owner of the land. See **Burley v. Sunbelt Royalty, Inc.**, 534 So.2d 101, 103 (La. App. 3 Cir. 1988); see also **Frost-Johnson Lumber Co. v. Salling's Heirs**, 150 La. 756, 91 So. 207 (1922); **Wemple v. Nabors Oil & Gas Co.**, 154 La. 483, 97 So. 666, 668-669 (1923). The landowner does have the right to draw the minerals through the

12

soil and bring them into his possession. **Breaux v. Pan Am. Petroleum Corp.,** 163 So.2d 406, 409 (La. App. 3 Cir. 1964). However, until they are in his possession, he is not the owner of the fugitive minerals. **Burley** 534 So.2d at 103. Thus, based on this jurisprudence, it is clear that any attempt to get to Sunoco through an argument that the Hills owned the oil that Park and Vitol sold to Sunoco fails as well.

## CONCLUSION

For the above and foregoing reasons, we affirm the July 22, 2019 judgment of the district court, granting summary judgment in favor of defendants, Sunoco Partners Marketing & Terminals, L.P., Sunoco Logistics Partners Operations G.P., L.L.C., and Sunoco, Inc. R & M., and dismissing, with prejudice, all claims filed by plaintiffs-appellants, Calvin J. Hill, et al., and intervenors, Roosevelt Hill, et al. and Felix F. Hill, against these defendants. We assess all costs of this appeal against plaintiffs-appellants.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0667

CALVIN J. HILL, INDIVIDUALLY AND AS THE EXECUTOR OF THE
SUCCESSION OF ELNORA JOHNSON HILL

VERSUS

TMR EXPLORATION, INC., PARKER EXPLORATION, INC., AND VITOL
RESOURCES, INC.



**GUIDRY, J., dissents with reasons.**

**GUIDRY, J., dissenting.**

I respectfully disagree with the majority opinion. I would find that La. R.S. 31:210 applies, as the defendant is a purchaser of minerals produced as a result of a recorded lease. The ownership of said minerals are now disputed. The defendant can only be protected by registration of that purchase in the parish records. There is no good faith exception under La. R.S. 31:210. Furthermore, this specific provision, dealing with the purchase of minerals, conflicts with and trumps the more general civil code provision and its good faith exception. For these reasons, I respectfully dissent.